IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CIVIL ACTION NO: 5:25-cv-00625

| | |
|---|---|
| JESSICA RYAN AND NATHANIEL RYAN, *et. al.* | ) |
| Plaintiffs, | ) |
| v. | ) |
| WAKE COUNTY BOARD OF EDUCATION | ) |
| Defendant. | ) |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE UNDER SEAL PLAINTIFFS AMENDED COMPLAINT, EXHIBITS TO AMENDED COMPLAINT AND MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE, PLAINTIFFS' MOTION TO AMEND AND EXHIBITS TO MOTION TO AMEND,**

COMES NOW Plaintiffs Jessica Ryan and Nathaniel Ryan, (hereinafter, "Parents," "Mr. and Mrs. Ryan," "Plaintiffs ," Plaintiff), as Parent and Next Friend of J.R. and C.R. by and through the undersigned counsel, Stephenson Harvey, Jr., Esquire and Keith L. Howard, Esquire, hereby move this Honorable Court, pursuant to Federal Rule of Civil Procedure 7(b) and Local Civil Rules 5.1(h) and 7, for leave to file Plaintiffs' Amended Complaint and Exhibits to Plaintiffs' Amended Complaint, Plaintiffs' Motion to Amend and Exhibits under seal. Defendants' counsel has not been assigned and therefore cannot be asked about Defendant's position on this motion. In support of this motion, Plaintiffs state as follows:

1. Although there is a "...presumptive right of access extends to all judicial documents and records," a district court has discretion to allow a party to file documents under seal where it determines that other factors, such as the privacy interest in sensitive information, and there exists "countervailing interest heavily outweigh the public interests in access…" *Doe v. Public Citizen*, 749 F.3d 246, 266 (4 Cir. 2014).

2. According to *Doe v. Public Citizen*, the Plaintiff, as the moving party, is entitled to prompt, on-the-record findings and a decision regarding any request to seal court records.
3. In *Rushford v. New Yorker Magazine, Inc.,* 846 F.2d 249, 253 (4 Cir. 1988), this Court affirmed: "...The mere existence of a First Amendment right of access or of a common law right of access to a particular kind of document does not entitled the press and public to access in every case…"
4. In *M.G.M. by & through Mabe v. Keurig Green Mountain, Inc.*, No. 1:22-CV-36, 2022 WL 6170557 (M.D.N.C. Oct. 7, 2022), a standard was set forward by this Court such that:

   In determining whether the motion to seal should be granted, this Court evaluates whether: (1) the information sought to be sealed is confidential; (2) disclosure would result in actual harm; (3) the degree of harm from such disclosure; (4) motion is narrowly tailored; and (5) whether the interests in non-disclosure are compelling and heavily outweigh the public's interest in access to the information.
5. Under this standard, Plaintiffs should be permitted to file their Amended Complaint and Exhibits to the Amended Complaint under seal, or if necessary, with redacted copies to be filed on the public record, in order to protect their privacy interests in the confidential personally identifiable information of parent and minors J.R. and C.R., including references to education records, medical evaluations and assessments of minors contained therein.
6. Plaintiffs' Amended Complaint and Exhibits to the Amended Complaint contain confidential and personally identifiable information about parent and students, such as student's IQ, disabilities, academic performance levels, mental health, emotional and behavioral conditions.
7. Application of the *Mabe v. Keurig Green Mountain, Inc.* factors illustrate that sealing, and redaction of the public filing are warranted in order to protect Plaintiffs' confidential and personally identifiable information. The case at hand has records that contain the students' IQ, disabilities, academic performance levels, mental health, emotional and behavioral conditions.
8. According to *Mabe v. Keurig Green Mountain, Inc.,* there is "no need for public access" to the detailed personal identifiable information about parent and students, along with students' mental

health, emotional and behavioral conditions. Further, this Court highlighted that "...Courts and legislatures have historically protected the rights of minors…" *see, e.g., New York v. Ferber, 458 U.S. 747, 756–57 (1982); M.P. v. Schwartz, 853 F. Supp. 164, 168 (D. Md. 1994); cf. United States v. Guerrero, 693 F.3d 990, 1003 (9th Cir. 2012).* Therefore, the first factor weighs in favor of sealing and redaction.

9. *Mabe v. Keurig Green Mountain, Inc.*, highlighted that courts of this jurisdiction have a "...compelling interest to protect the private financial information of the minor, and that this outweighs the public's right of access to the settlement agreement…" The court highlighted that such public disclosure of a settlement amount could expose minors to scam artists, financial predators, and other fraudsters.

10. In *Mabe v. Keurig Green Mountain, Inc.*, "Outside the litigation context, a person's medical records are not public records and generally may not be disclosed." Further, this Court highlighted that "...Courts in this circuit often seal medical records that contain personal and sensitive information, at least when the records themselves "would have little value in furthering the public oversight of the judicial process."..."

11. According to *Mabe v. Keurig Green Mountain, Inc.*, this Court highlights that "...the Supreme Court confirmed that safeguarding the physical and psychological well-being of a minor is a compelling governmental interest…" Therefore, the last factor weighs in favor of sealing and redaction, as the minors' interests and protections outweigh the public's interests. Here, in the case at hand, there has been no previous public access to the detailed personal identifiable information about parents and students, along with students J.R. and C.R.'s mental health, emotional and behavioral conditions contained in the Complaint and Exhibits to the Complaint.

12. It is asserted by the Plaintiffs and as mentioned supra by this Court that such disclosure could result in financial harm to the student and that the "...potential for use of the information for an improper purpose is a factor that supports sealing…" *Mabe v. Keurig Green Mountain, Inc.* Further, it is asserted by the Plaintiffs that the public does not need nor previously have access to the minors'

medical records, but such disclosure can be used in the future prejudiciously against the students. Therefore, elements resulting in actual harm and degree of harm from such a disclosure set forth in the standard are met.

13. As such, the request at hand is to seal the personal identifying information of the minors, which is in line with precedent set forth by this Court to prevent identity theft and/or unnecessary disclosure of the minors personal or medical history with the general public when there is not an outweighing need. This narrowly tailored request aligns with the fourth requirement of the standard.

14. Under the *Mabe* factors, the Plaintiffs' substantial privacy interests in protecting the details of their detailed personal identifiable information, along with the students' mental health, emotional and behavioral conditions outweigh the public's need to access the Amended Complaint and Exhibits to the Amended Complaint.

WHEREFORE, Plaintiffs request that this Court grant the Motion for Leave to File Under Seal Plaintiffs' Amended Complaint and Exhibits to the Amended Complaint.

Jessica Ryan and Nathaniel Ryan, as Parent and Next Friend of J.R.,
By Counsel

THE HARVEY LAW GROUP, PLLC

s/ Stephenson Harvey
Stephenson Harvey, Esq.
Bar No.: 56855
The Harvey Law Group, PLLC
P.O. Box 434
Dunkirk, MD 20754
O:202-291-2914
F: 888-858-1941
E: sharvey@theharveylawgroup.com
W: www.theharveylawgroup.com
*Attorney for Plaintiff Jessica Ryan, et. al.*

&

THE LAW OFFICES OF KEITH L. HOWARD, PLLC

/s/Keith Howard
Keith Howard
Bar ID: 1617492
The Law Offices of Keith L. Howard, PLLC
19109 W. Catawba Ave. Ste. 200
Cornelius, NC 28031
O: (919) 824-0146
F: 800-341-3931
E: keithh@khowardlaw.com
W: www.khowardlaw.com
*Attorney for Plaintiff Jessica Ryan, et. al.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**
**WESTERN DIVISION**
**CIVIL ACTION NO: 5:25-cv-00625**

JESSICA RYAN AND )
NATHANIEL RYAN, *et. al.* )
)
)
Plaintiffs, )
)
v. ):
)
)
)
)
WAKE COUNTY BOARD OF )
EDUCATION )
)
Defendant. )
________________________________________)

## CERTIFICATE OF SERVICE

I hereby certify that on February 3, 2026, I electronically filed the foregoing MOTION FOR LEAVE TO FILE UNDER SEAL PLAINTIFFS' AMENDED COMPLAINT AND EXHIBITS TO PLAINTIFFS' AMENDED COMPLAINT AND MEMORANDUM OF LAW IN SUPPORT OF MOTION, PLAINTIFFS' MOTION TO AMEND AND EXHIBITS, with the Clerk of Court using the CM/ECF system, and have verified that such filing was sent via U.S. mail to the following:

WAKE COUNTY BOARD OF EDUCATION
Robert Taylor, Superintendent
5625 Dillard Drive
Cary, NC 27518

Respectfully submitted, this 3rd day of February 2026.

/s/ Stephenson Harvey
Stephenson Harvey, Esq.
Bar No.: 56855
The Harvey Law Group, PLLC
P.O. Box 434
Dunkirk, MD 20754
O:202-291-2914

F: 888-858-1941
E: sharvey@theharveylawgroup.com
W: www.theharveylawgroup.com
*Attorney for Plaintiffs Jessica Ryan, et. al.*

&

THE LAW OFFICES OF KEITH L. HOWARD, PLLC

/s/Keith Howard
Keith Howard
Bar ID: 1617492
The Law Offices of Keith L. Howard, PLLC
19109 W. Catawba Ave. Ste. 200
Cornelius, NC 28031
O: (919) 824-0146
F: 800-341-3931
E: keithh@khowardlaw.com
W: www.khowardlaw.com
*Attorney for Plaintiffs Jessica Ryan, et. al.*