IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CIVIL ACTION NO: 5:25-cv-00625-FL

| | |
|---|---|
| JESSICA RYAN, individually and in her capacity as the Mother & Guardian ad litem for JUSTIN RYAN, a minor, & CHARLOTTE JULIAN RYAN, a minor, NATHANIEL RYAN, individually and as Father of minors,<br><br>Plaintiffs,<br><br>v.<br><br>WAKE COUNTY BOARD OF EDUCATION,<br><br>Defendant. | DEFENDANT WAKE COUNTY BOARD OF EDUCATION'S REPLY IN SUPPORT OF MOTION TO DISMISS |

Defendant Wake County Board of Education ("Board") by and through counsel, pursuant to Local Civil Rule 7.1(g), E.D.N.C., submits this Reply in Support of its Motion to Dismiss Amended Complaint filed February 25, 2026. DE 30. For the following reasons, and for the reasons set forth in its initial memorandum of law, Board respectfully requests that its Motion to Dismiss Amended Complaint be GRANTED.

The Board incorporates by reference the Statement of the Case from the Memorandum of Law in Support of their Motion to Dismiss Amended Complaint. DE 31. Plaintiffs' Memorandum in Opposition to Motion to Dismiss ("Response") was filed on April 13, 2026. DE 35. The Board hereby replies as follows.

## ARGUMENT

### I. Plaintiffs have not alleged that the Board failed to provide any accommodations or supports to J.R. and they have failed to exhaust the IDEA's procedures.

The Fourth Circuit test for deliberate indifference to disability discrimination is that the claimant must allege facts of (1) "an ongoing or likely violation of some federal right," and (2)

"deliberate indifference through knowledge of that right and a failure to respond appropriately." *See Koon v. North Carolina*, 50 F.4th 398, 404–05 (4th Cir. 2022). Under the first prong, "[T]o state a cause of action under the ADA [and Section 504] . . . , [a plaintiff] must show that (1) [s]he has a disability as defined by the statute; (2) [s]he is otherwise qualified for the benefit in question; and (3) [s]he was excluded from the benefit on the basis of [her] disability." *Betts v. Rector and Visitors of Univ. of Va.*, 145 Fed. Appx. 7, 10 (4th Cir. 2005).

Plaintiffs appear to conflate a failure to provide their *preferred* accommodation—a school-based RBT—with a failure to accommodate J.R.'s disability entirely. But no law requires that a school district provide a parents' chosen accommodation, only that they provide accommodations to allow a disabled student the same access as his non-disabled peers. Plaintiffs do not allege in their Amended Complaint, nor could they, that the Board failed to provide J.R. with *any* accommodations or supports,[1] but rather that the Board purportedly discriminated against J.R. by failing "to provide J.R. with necessary reasonable accommodations," which they allege included a school-based RBT. *See* DE 35 at 9. As discussed further below, Plaintiffs have not alleged facts that J.R. was excluded from the benefit on the basis of his disability. *See Betts*, 145 Fed. Appx. at 10.

A plaintiff must "exhaust the IDEA's procedures before filing an action under the ADA, the Rehabilitation Act, or similar laws when (but only when) her suit seeks relief that is also available under the IDEA." *Fry v. Napoleon Cmty. Sch.*, 580 U.S. 154, 165 (2017); *see also* 20 U.S.C. § 1415(l). To the extent Plaintiffs contend that the Board discriminated against J.R. on the basis of disability by failing to provide him with *appropriate* supplementary aides, services, and

[1] Plaintiffs acknowledge in their Amended Complaint that J.R. received special education services and supports via an IEP when he was enrolled in the District. *See* DE 29 ¶¶ 3, 83. They also have pleaded that the District developed a crisis plan and a behavior intervention plan to use for when J.R. was engaging in maladaptive behaviors. *Id.* ¶¶ 140-142.

accommodations, that is the very definition of a claim relating to a free appropriate public education (FAPE) under the IDEA. *See* DE 35 at 9. The avenue to such a claim would have been an appeal of the underlying findings, and therefore any claims here regarding the appropriateness of accommodations should be dismissed for failure to exhaust. *See Droberg v. Carteret Cnty. Bd. of Educ.*, No. 4:24-CV-173-BO-RJ, 2025 U.S. Dist. LEXIS 210441, at *13 (E.D.N.C. Oct. 24, 2025).

## II. Plaintiffs have failed to allege that the Board had knowledge that a federally protected right was substantially likely to be violated.

For the second prong of deliberate indifference, the plaintiffs must plausibly allege facts of "(1) knowledge that a federally protected right is substantially likely to be violated, and (2) failure to act despite that knowledge." *Koon*, 50 F.4th at 405. The Fourth Circuit calls this a "high bar" that amounts to "an actual-notice standard." *Id*. at 406–07.

Here, Plaintiffs have failed to plead that the Board had knowledge that J.R. required an RBT to access his education. In their Response, Plaintiffs assert that the Board "approved an RBT" for J.R. in its September 2023 Offer of Judgment, and that "Defendant had notice of an evaluation conducted by Jennifer Holmes, which stated that J.R. requires an RBT to access the educational curriculum." DE 35 at 10. Plaintiffs posit on these bases that "the Board had sufficient knowledge that J.R. needed an RBT." *Id.*

Plaintiffs' description of Ms. Holmes' recommendation differs in their Response from the Amended Complaint, where they quoted Ms. Holmes as stating that J.R. "will require the support of a one-one-one assistant who has received training in the principles of applied behavior analysis, *such as* a registered behavior technician." *See* DE 29 ¶ 198 (emphasis added). Holmes did not state that J.R. *requires* an RBT—only that he requires the support of a trained

instructional assistant. *See id.* The September 2023 Offer of Judgment[2] provided that the "individual serving [as a one-to-one assistant] and all special education teachers and teaching assistants providing services to J.R. . . . take the 40 hours of RBT free training." DE 29-3 at 1. Plaintiffs do not allege that those individuals failed to receive training in the principles of applied behavior analysis, as recommended by Ms. Holmes. Further, nothing pleaded in the Amended Complaint suggests that the Board "approved" the need for an RBT for J.R.

**III. Plaintiffs have not alleged that there is a policy of practice of failing to train or supervise employees required to state a Section 1983 claim.**

For a failure-to-supervise theory, a plaintiff must also allege that the local government entity had knowledge of *prior* constitutional violations or risk of violations by the subordinate. *See Mathis v. Town of Waynesville, NC*, No. 1:09CV296, 2009 U.S. Dist. LEXIS 126103, at *16 (W.D.N.C. Dec. 4, 2009) (emphasis added). This Court recently held that a Plaintiff does not plausibly allege that a Board has knowledge of violations supporting the existence of a custom when the allegations only concern conduct directed at the plaintiff. *Schmitz v. Wake Cnty. Bd. of Educ.*, No. 4:24-CV-173-BO-RJ, 2026 U.S. Dist. LEXIS 81770, at *6-7 (E.D.N.C. April 13. 2026).

Plaintiffs only contention of a failure to train or supervise relates entirely to J.R., asserting that the Board had a history of such when "applied to its restraints of J.R." and that "Defendant had actual notice that this practice was ongoing." DE 35 at 28. Plaintiffs' conclusory allegation that "[n]o training was adopted" does not meet the stringent standard of deliberate indifference, especially when the only allegations regarding a custom or practice concern "conduct directed only at [Plaintiff J.R.]" and not conduct directed at any other student. *See Schmitz*, 2026 U.S. Dist. LEXIS 81770, at *6-7.

---

[2] The September 2023 Offer of Judgment was attached as an exhibit to the Amended Complaint. DE 29 ¶ 236.

## IV. Plaintiffs fail to plead actual or constructive notice, nor do they identify specific negligent employees to plausibly allege a negligent supervision claim.

A plaintiff's bare allegation that defendant had actual knowledge is a legal conclusion that, absent facts supporting that conclusion, will not plausibly support a claim for negligent supervision on the basis of actual notice. *See M.H. v. Onslow County Bd. of Educ.*, No. 7:16-CV-00069-FL, 2016 U.S. Dist. LEXIS 135522, at **9-10 (E.D.N.C. Sept. 30, 2016). A plaintiff's negligent supervision claim based on constructive notice will fail if plaintiff fails to allege that the employer "had reason to know of the employee's incompetency." *See id*. at **10-11.

The facts alleged in Plaintiffs' Amended Complaint are insufficient to support a claim of negligent supervision on the basis of either actual or constructive notice. Plaintiffs contend that they do not need to identify specific employees but rather "only need to identify a specific negligent practice that Defendant's employees engaged in" and that "the Amended Complaint specifically identifies these negligent acts as the series of restraints performed on J.R." DE 35 at 19. Plaintiffs misconstrue the standard and the *L.C.* case. First, Plaintiffs have failed to allege that the allegations regarding restraint were made to the Board,[3] but rather that unnamed "District staff" were notified "of the negligent acts forming the basis of their complaints." DE 29 ¶ 364. Plaintiffs fail to allege that any identified supervisor was informed of negligent acts or that the Board had been informed of these practices. As such, they fail to plausibly allege actual notice. *See M.H.*, 2016 U.S. Dist. LEXIS 135522, at **9-10. Nor do Plaintiffs plausibly allege constructive notice, as they fail to assert facts that there were widespread problems at the school

[3] The Response asserts that Plaintiffs notified the Board that the restraints were harmful to their son and their emotional wellbeing, yet they cite only ¶ 311 of the Amended Complaint for this allegation, which alleges that the "Parents contacted the District" to complain about the practice of the restraints. Contacting "the District" and notifying the Board are very different factual assertions, and Plaintiffs cannot amend their Complaint and assert new facts in their Response. "It is well-established that parties cannot amend their complaints through briefing or oral advocacy." *S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184-85 (4th Cir. 2013).

relating to restraints or that any identified school administrator or official acted negligently in restraining students. *See id.* at **10-11.

Plaintiffs acknowledge the court's conclusion in *L.C.* that "*in the alternative*, plaintiff fails to *identify* any inherent unfitness or pervious improper acts by *any identified employee*, as required under the second element." *See* DE 35 at 18 (quoting *L.C. by & through Dunbar v. Charter Schs. USA at Cary, LLC.*, No. 5:24-CV-66-FL, 2024 U.S. Dist. LEXIS 128162, at *10 (E.D.N.C. July 19, 2024) (emphasis added)). Plaintiffs understate the court's findings in *L.C.* in sidestepping their obligation to identify negligent employees with some degree of specificity beyond unnamed "District staff." As Plaintiffs have neither identified the people who restrained J.R. nor have they identified any supervisors of those individuals, they cannot sustain a claim for negligent supervision.

## V. Plaintiffs Mr. and Mrs. Ryan have failed to plausibly allege foreseeability or foresight of an emotional or mental disorder to support a claim for negligent infliction of emotional distress.

"Factors to be considered on the question of foreseeability . . . include the plaintiff's proximity to the negligent act, the relationship between the plaintiff and the other person for whose welfare the plaintiff is concerned, and whether the plaintiff personally observed the negligent act." *Johnson v. Ruark Obstetrics & Gynecology Assocs., P.A.*, 327 N.C. 283, 305, 395 S.E.2d 85 (1990).

Regarding Plaintiffs Mr. and Mrs. Ryan, the only factor Plaintiffs cite in their favor is the "close relationship" they have with Plaintiff J.R., but they concede that they were not "physically present at the restraint." DE 35 at 20; *see also Gardner v. Gardner*, 334 N.C. 662, 667, 435 S.E.2d 324, 328 (1993) (rejecting NIED claim given the plaintiff's "absence from the time and

place of the tort and her failure to show that defendant knew that she was susceptible to an emotional or mental disorder").

Moreover, as discussed above, Plaintiffs fail to allege that the Board had knowledge that they were susceptible to an emotional or mental disorder. "The law requires reasonable foresight of an emotional or mental disorder or other severe and disabling emotional or mental condition." *Gardner*, 334 N.C. at 667, 435 S.E.2d at 328. As Mr. and Mrs. Ryan cannot establish foreseeability, their NIED claims fail.

## VI. The language of the applicable insurance policy preserves the Board's governmental immunity.

A board of education retains immunity to tort claims as to any claims not specifically covered by liability insurance. *See, e.g., Overcash v. Statesville City Bd. of Education*, 83 N.C. App. 21, 24-25, 348 S.E.2d 524, 527 (1986) (statutory language of 115C-42 limits waiver of immunity to damages for which board of education is actually indemnified by insurance policy); *see also Evans v. Chalmers*, 703 F.3d 636, 655–56 (4th Cir. 2012).

Here, the Board's Policy specifically preserves governmental immunity. The Policy states that it "does not apply to any 'Public Entity Liability' for which any insured would otherwise be immune or have no liability pursuant to an 'Immunity or Tort Cap Law.'" DE 30-1 at 33, 114. Under the policy, "Immunity or Tort Cap Law" means "any common law or federal or state law including but not limited to sovereign or governmental immunity provided by common law or by any applicable federal or state tort claims act." *Id.* As such, the Board retains immunity to the extent a court determines whether immunity has been preserved. The governmental immunity endorsement in *Evans*, where the Fourth Circuit found that the City of Durham did not waive its governmental immunity by purchasing insurance, is almost identical to the language in the Board's insurance policy:

> [T]his policy provides coverage only for occurrence or wrongful acts for which the defense of governmental immunity is clearly not applicable or for which, after the defenses is [sic] asserted, a court of competent jurisdiction determines the defense of governmental immunity is not applicable.

*Evans*, 703 F.3d at 656. The language of the policy at issue here preserves the Board's governmental immunity.[4]

## VII. Plaintiffs voluntarily abandoned the NIED claim with respect to C.R. and FAPE claims from before the September 1, 2023, Offer of Judgment in their Response.

In their Response, Plaintiffs abandoned seeking relief for the negligent infliction of emotional distress claim with respect to Plaintiff C.R. and abandoned seeking relief for alleged FAPE violations from prior to September 1, 2023, and, as such, those claims should be dismissed. *See* DE 35 at 7-8, 19-21; *see also M.H. v. Onslow County Bd. of Educ.*, No. 7:16-CV-00069-FL, 2016 U.S. Dist. LEXIS 135522, at **9-10 (E.D.N.C. Sept. 30, 2016) (dismissing claims that plaintiff abandoned).

## VIII. Plaintiffs misconstrue the standard for gross negligence in their Response.

Plaintiffs assert that the act of restraining J.R. when needed to protect the safety of others by itself constitutes "wanton" conduct sufficient to state a claim for gross negligence. North Carolina law provides that "physical restraint of students by school personnel shall be considered a reasonable use of force when used to as reasonably needed to ensure the safety of any student. . . . to teach a skill, to calm or comfort a student, or to prevent self-injurious behavior . . .." N.C.G.S. § 115C-391.1(C). While Plaintiffs may disagree with the use of restraint, and may subjectively view it as an action that caused J.R. harm, they acknowledge that J.R.'s "behavioral challenges include aggressive behaviors, tantrums, [and] property destruction"—all actions which may reasonably justify the use of restraint in a school setting. ¶ 87. None of the facts

[4] To the extent any tort claims are *not* barred by governmental immunity, then Plaintiffs have an adequate remedy at law and their claim pursuant to the North Carolina Constitution must be dismissed. *Craig v. New Hanover Cnty Bd. of Educ.*, 363 N.C. 334, 340, 678 S.E.2d 351 (2009).

alleged in the Amended Complaint suggest that the restraints were done to harm J.R., either intentionally or wantonly. Plaintiffs' suggestion that informing the school of their subjective view that the use of restraint was harmful meant the school should never have restrained J.R. would permit parents an unacceptable veto over the at-times necessary and lawful use of restraint to preserve the safety of the school environment.

**CONCLUSION**

WHEREFORE, for the reasons stated above, and for the reasons set forth in its original Memorandum of Law in Support of Motion to Dismiss Amended Complaint, Defendant Board respectfully requests that this court grant its Motion to Dismiss.

Respectfully submitted, this the 11th day of May 2026.

THARRINGTON SMITH, L.L.P.

/s/ David B. Noland
David B. Noland, N.C. Bar No. 53229
Jack F. Salt, N.C. Bar No. 62640
THARRINGTON SMITH, L.L.P.
150 Fayetteville Street, Ste 1900
Post Office Box 1151
Raleigh, North Carolina 27602
Telephone: (919) 821-4711
Fax: (919) 829-1583
Email:dnoland@tharringtonsmith.com
jsalt@tharringtonsmith.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that a copy of the foregoing **DEFENDANT WAKE BOARD OF EDUCATION'S REPLY IN SUPPORT OF MOTION TO DISMISS** was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

Keith Howard
The Law Offices of Keith L. Howard, PLLC
19109 W. Catawba Ave., Ste 200
Cornelius, NC 28031
keithh@khowardlaw.com

Stephenson Harvey, Jr.
The Harvey Law Group, PLLC
PO Box 434
Dunkirk, MC 20754
sharvey@theharveylawgroup.com

*Attorneys for Plaintiffs*

This the 11th day of May 2026.

THARRINGTON SMITH, L.L.P.

/s/ *David B. Noland*
David B. Noland, N.C. Bar No. 53229
Jack F. Salt, N.C. Bar No. 62640
THARRINGTON SMITH, L.L.P.
150 Fayetteville Street, Ste 1900
Post Office Box 1151
Raleigh, North Carolina 27602
Telephone: (919) 821-4711
Fax: (919) 829-1583
Email:dnoland@tharringtonsmith.com
jsalt@tharringtonsmith.com
*Attorneys for Defendant*